23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Bruce HOOVER, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael Tete SIMMONS, a/k/a Money, Defendant-Appellant.
 Nos. 93-5656, 93-5730.
 United States Court of Appeals, Fourth Circuit
 Submitted April 21, 1994.
Decided May 13, 1994.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-93-16)
 David Mussetter, Ashland, Kentucky, for Appellants.
 Charles T. Miller, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bruce Hoover and Michael Tete Simmons pleaded guilty to one count of conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. Secs. 841 and 846 (1988), after they engaged in drug sales to an informant in Huntington, West Virginia. The parties stipulated that Hoover and Simmons were responsible for the distribution of 50 to 150 grams of the drug. They were each sentenced, pursuant to the federal sentencing guidelines,[1] to eighty-seven months imprisonment, three years of supervised release, and fines of $1,500. They now appeal.[2] Their attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the sentences imposed and the constitutionality of the federal sentencing guidelines, but indicating that in his view there are no meritorious issues for appeal. We affirm.
 
 
 2
 Defense counsel first asserts that the district court should have departed downward from the guideline range of 87 to 108 months imprisonment, because Hoover and Simmons had no prior criminal history. We have consistently held, however, that a failure to depart downward from the sentencing range prescribed by the guidelines is not reviewable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). In calculating these sentences, the district court necessarily took into account that Hoover and Simmons had no prior criminal records, as reflected in the decision to place them in criminal history category I. U.S.S.G. Sec. 4A1.1; Ch. 5, Pt. A (Sentencing Table). There is simply no legal authority to support the assertion that downward departures from the guideline range[3] were warranted for reasons already reflected in the sentencing calculation.
 
 
 3
 Counsel's additional assertion that the sentencing guidelines are unconstitutional is clearly meritless. The constitutionality of the guidelines has been attacked without success from a variety of legal angles. E.g., Mistretta v. United States, 488 U.S. 361 (1989) (separation of powers); United States v. Inglesi, 988 F.2d 500 (4th Cir.1993) (Fifth Amendment due process). We see no reason to depart from this line of authority in the present case.
 
 
 4
 In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1993), this Court requires that counsel inform his clients, in writing, of their right to petition the Supreme Court for further review. If requested by his clients to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 5
 For those reasons noted above, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 These appeals have been consolidated for review
 
 
 [3]
 The quantity of drugs involved in the underlying transactions resulted in an initial offense level of 32 under guideline section 2D1.1(c). The district court then granted both Hoover and Simmons three-point downward adjustments for acceptance of responsibility, pursuant to guideline section 3E1.1, for a total offense level of 29. This placed them in the 87 to 108-month range of imprisonment under the guideline sentencing table. U.S.S.G. Ch. 5, Pt. A